CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

April 30, 2025

LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DEMOND M. QUEEN,<br>    Plaintiff,<br><br>v.<br><br>LISA HERNANDEZ, et al.,<br>    Defendants. | Case No. 7:23-cv-00255<br><br>By: Michael F. Urbanski<br>Senior United States District Judge |

**MEMORANDUM OPINION**

Demond M. Queen, a Virginia inmate proceeding pro se, filed this civil action under 42 U.S.C. § 1983, asserting constitutional and statutory claims arising from his placement in segregation. The case is now before the court for review under 28 U.S.C. § 1915A(a). For the following reasons, the court will partially dismiss the complaint for failure to state a claim upon which relief may be granted. The case will proceed on Queen's claims for denial of procedural due process and retaliation.

**I.     Background**

Queen is serving a life sentence in the custody of the Virginia Department of Corrections (VDOC). Compl., ECF No. 1, at 6–7. This action arises from events that occurred at Red Onion State Prison (Red Onion), where Queen remains incarcerated.

Exhibits attached to the complaint indicate that Queen was placed in segregation at Red Onion after he allegedly assaulted another inmate at a different prison on July 6, 2022. See Compl. Exs. A(3), A(4), ECF No. 1-1. Queen was convicted of a disciplinary offense resulting from the incident. Although the disciplinary conviction was overturned on appeal on October 3, 2022, see id., the Institutional Classification Authority (ICA), including defendant

Michael Williams, recommended that Queen remain in segregation at Red Onion on December 14, 2022, and the ICA's recommendation was approved by defendant Larry Collins. Compl. Ex. A(1). Queen remained in segregation for at least five more months as a result of the alleged incident. Compl. 7–8.

In January 2023, Queen submitted a facility request to defendant Rick White inquiring as to why he was still being held in segregation following the dismissal of the disciplinary charge. Compl. Ex. A(2). White informed Queen that the assignment was "based on behavior and security needs." Id. In response to a similar request, Collins advised Queen that there was "still an incident report on file that documents the incident" involving the other inmate. Compl. Ex. A(3). Queen then filed a regular grievance appealing the decision to keep him in segregation, which White determined to be unfounded. Compl. Ex. B(1). Defendant Lisa Hernandez upheld White's decision at Level II of the grievance process. Compl. Ex. B(2).

Queen filed suit against Hernandez, White, Collins, Williams, Counselor R. Kegley, and other unknown defendants under 42 U.S.C. § 1983. Queen claims that the defendants violated the following federal constitutional and statutory provisions by "subjecting him to Security Level S long term segregation without any legitimate penological interest": the Privileges and Immunities Clause of Article IV; the Eighth, Ninth, and Fourteenth Amendments; and 42 U.S.C. § 1981. Compl. 9–12. Queen also claims that the defendants retaliated and conspired to retaliate against him for appealing his disciplinary conviction, in violation of the First Amendment, 42 U.S.C. § 1985(3), and 42 U.S.C. § 1997d.

## II.    Standard of Review

The court is required to review a complaint in a civil action in which an inmate seeks

redress from a governmental entity or employee. 28 U.S.C. § 1915A(a). The court must "dismiss the complaint, or any portion of the complaint, if the complaint . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

A complaint filed by a pro se litigant must be construed liberally. King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). "Principles requiring generous construction of pro se complaints are not, however, without limits." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). A pro se complaint "must still 'state a claim to relief that is plausible on its face.'" Sakyi v. Nationstar Mortg., LLC, 770 F. App'x 113, 113 (4th Cir 2019) (quoting Jackson v. Lightsey, 775 F.3d 170, 178 (4th Cir. 2014)).

### III. Discussion

#### A. Claims Subject to Dismissal for Failure to State a Claim

Having reviewed the complaint under 28 U.S.C. § 1915A, the court concludes that it fails to state a claim under the following federal constitutional and statutory provisions: (1) the Privileges and Immunities Clause of Article IV, (2) the Eighth Amendment, (3) the Ninth Amendment, (4) the Equal Protection Clause of the Fourteenth Amendment, (5) 42 U.S.C. § 1981, (6) 42 U.S.C. § 1985(3), and (7) 42 U.S.C. § 1997d. The court will address each claim in turn.

### 1. Article IV

Queen first claims that the defendants violated the Privileges and Immunities Clause of Article IV of the United States Constitution by keeping him in segregation after his disciplinary conviction was overturned on appeal. This clause provides that "[t]he Citizens of each State shall be entitled to all Privileges and Immunities of Citizens in the several States." U.S. Const. art. IV, § 2, cl. 1. "Discrimination on the basis of out-of-state residency is a necessary element for a claim under the Privileges and Immunities Clause" of Article IV. Giannini v. Real, 911 F.2d 354, 357 (9th Cir. 1990). Because the complaint does not allege that Queen was subjected to discrimination on the basis of his state of residence, it fails to state a claim under this provision. See Barefoot v. City of Wilmington, 306 F.3d 113, 125 (4th Cir. 2002) ("The Appellants make no argument regarding any discrimination between citizens of different States, nor can we conceive of any. Accordingly, the Appellants have failed to state a claim under Article IV.").

### 2. Eighth Amendment

Queen claims that the defendants violated the Eighth Amendment by confining him in segregation "without any legitimate penological interest." Compl. 9. "The Eighth Amendment, which is applicable to the States through the Fourteenth Amendment, prohibits the infliction of 'cruel and unusual punishments.'" Anderson v. Kingsley, 877 F.3d 539, 543 (4th Cir. 2017) (quoting U.S. Const. amend. VIII). The United States Court of Appeals for the Fourth Circuit "recognizes only two discrete Eighth Amendment paths: conditions of confinement, . . . where a plaintiff prevails upon a showing that prison officials deliberately disregarded a significant injury [or substantial risk of serious harm], and excessive force, which

4

does not require that the prisoner victim suffer a significant injury but does require malicious intent." Thorpe v. Clarke, 37 F.4th 926, 941 n.5 (4th Cir. 2022) (internal quotation marks omitted). Although "[a]bsence of penological purpose plays a part in both of these inquiries," the Fourth Circuit does "not recognize a standalone Eighth Amendment violation for lack of penological justification." Id. Accordingly, the mere allegation that the defendants confined Queen in segregation for no legitimate penological purpose, without more, does not state a cognizable Eighth Amendment claim. Id.

### 3. Ninth Amendment

Queen also purports to assert a claim under the Ninth Amendment. However, that amendment "creates no constitutional rights." Wohlford v. United States Dep't of Agric., No. 87-2043, 1988 WL 24281, at *1 (4th Cir. Mar. 17, 1988) (citing Strandberg v. City of Helena, 791 F.2d 744, 748 (9th Cir. 1986)). Instead, it merely provides that the enumeration of certain rights in the Constitution "shall not be construed to deny or disparate others retained by the people." U.S. Const. amend. IX. Consequently, Queen has no viable claim for relief based on the Ninth Amendment. See Strandberg, 791 F.2d at 748 (emphasizing that the Ninth Amendment "has never been recognized as independently securing any constitutional right for purposes of pursuing a civil rights claim").

### 4. Equal Protection Clause of the Fourteenth Amendment

Queen next asserts that the defendants violated the Fourteenth Amendment by confining him in segregation without any legitimate penological interest. To the extent that Queen intended to assert a violation of the Equal Protection Clause of the Fourteenth Amendment, his complaint fails to state a claim upon which relief may be granted. "To state

a claim for a violation of the Equal Protection Clause, 'a plaintiff must plausibly allege first that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination.'" Desper v. Clarke, 1 F.4th 236, 248 (4th Cir. 2021) (quoting Fauconier v. Clarke, 966 F.3d 265, 277 (4th Cir. 2020)). Because the complaint does not allege facts that would satisfy either element, it fails to state a claim for relief under the Equal Protection Clause.

### 5. Section 1981

Section 1981 of Title 42 provides that all persons "shall have . . . the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white persons, and shall be subject to like punishment . . . ." 42 U.S.C. § 1981. To state a claim under § 1981, "a plaintiff must allege (1) he is a member of a racial minority, (2) the defendant intended to racially discriminate against him, and (3) the discrimination concerned one or more of the activities enumerated in the statute." Jiminez v. Wellstar Health Sys., 596 F.3d 1304, 1308 (11th Cir. 2010); see also Nnadozie v. Genesis Healthcare Corp., 730 F. App'x 151, 157 (4th Cir. 2018) ("[A]t the very least, a Section 1981 claim must allege race-based discrimination.") (emphasis in original). Because Queen does not allege that any of the defendants intentionally discriminated against him on the basis of his race, he fails to state a claim under § 1981.

### 6. Section 1985(3)

Queen's conspiracy claim under 42 U.S.C. § 1985(3) is also subject to dismissal. This statute prohibits two or more persons from conspiring to deprive another person "of the equal protection of the laws." 42 U.S.C. § 1985(3). "To recover under § 1985(3), a plaintiff must

6

establish the existence of a conspiracy and show 'some racial or perhaps other class-based, invidiously discriminatory animus behind the conspirators' actions.'" C & H Co. v. Richardson, 78 F. App'x 894, 901 (4th Cir. 2003) (quoting Griffin v. Breckenridge, 403 U.S. 88, 102–03 (1971)); see also Strickland v. United States, 32 F.4th 311, 361 (4th Cir. 2022) (explaining that a plaintiff must plausibly allege, among other elements, "a conspiracy of two or more persons . . . who are motivated by a specific class-based, invidiously discriminatory animus") (quoting Simmons v. Poe, 47 F.3d 1370, 1376 (4th Cir. 1995)).

Here, Queen alleges in a conclusory fashion that the defendants "all came together in one way or another to . . . conspire to retaliate against [him]" by continuing to house him in segregation. Compl. 11–12. Because Queen does not "plausibly allege any conspiratorial plan of class-based discriminatory animus," he fails to state a claim under § 1985(3). Strickland, 32 F.4th at 362.

### 7.     Section 1997d

Finally, the court will dismiss Queen's claim that the defendants violated 42 U.S.C. § 1997d. "Section 1997d is part of the Civil Rights of Institutionalized Persons Act, and provides: 'No person reporting conditions which may constitute a violation under the [Act] shall be subjected to retaliation in any manner for so reporting.'" Price v. Brittain, 874 F.2d 252, 262 (5th Cir. 1989) (alteration in original) (quoting 42 U.S.C. § 1997d). A separate provision of the Act authorizes the Attorney General to sue a state when the Attorney General has reasonable cause to believe that the state is "subjecting persons . . . confined to an institution . . . to egregious or flagrant conditions which deprive such persons of any [federal] rights . . . causing such persons to suffer grievous harm, and that such deprivation is pursuant

7

to a pattern or practice of resistance to the full enjoyment of such rights . . . ." 42 U.S.C. § 1997a.

Queen does not allege that he reported the type of conditions that may support the filing of a lawsuit by the Attorney General. Even if he had, "the anti-retaliation provision does not afford a private right of action." Miller v. Fed. Bureau of Prisons, 703 F. Supp. 2d 8, 16 (D.D.C. 2020) (citing 42 U.S.C. § 1997j) ("The provisions of this subchapter shall in no way expand or restrict the authority of parties other than the United States to enforce the legal rights which they may have pursuant to existing law with regard to institutionalized persons.")); see also McRorie v. Shimoda, 795 F.2d 780, 782 n.3 (9th Cir. 1986) (noting that "42 U.S.C. § 1997j precludes a private cause of action"). Consequently, Queen has no viable claim for relief under § 1997d.

### B.    Remaining Claims

The court liberally construes the complaint to allege that Queen was held in segregation at Red Onion for an extended period without receiving due process in violation of the Fourteenth Amendment. Queen also claims that the defendants violated his First Amendment rights by keeping him in segregation in retaliation for appealing his disciplinary conviction. The court will require the defendants to respond to these two claims.

### IV.    Conclusion

For the reasons stated, Queen's complaint is partially dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b)(1). The case will proceed on his claims for denial of procedural due process and retaliation. An appropriate order will be entered.

8

Entered: April 30, 2025

Michael F. Urbanski
U.S. District Judge
2025.04.30 12:53:20
-04'00'

Michael F. Urbanski
Senior United States District Judge

9